1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AGUSTIN JESUS NEVAREZ,

       Petitioner,

   v.

PEOPLE OF THE STATE OF
CALIFORNIA,

       Respondent.

Case No.  15-cv-04490-PJH

**ORDER OF DISMISSAL**

Re: Dkt. No. 5

Petitioner, a California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was ordered to show cause why this case should not be dismissed as successive.  He has filed a response.

**DISCUSSION**

**I.  STANDARD OF REVIEW**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"

1    Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

2    1970)).

3    **II.  LEGAL CLAIMS**

4          Petitioner challenges a January 25, 2008, conviction from the Santa Clara County

5    Superior Court.  However, court records indicate that petitioner already filed a habeas

6    petition in this court challenging the same conviction.  *See Nevarez v. Brenda Cash*,

7    Case No. 11-cv-0974-PJH.  Petitioner was represented by counsel in that case and the

8    petition was denied on the merits and was affirmed by the Ninth Circuit.

9          "A claim presented in a second or successive habeas corpus application under

10   section 2254 that was not presented in a prior application shall be dismissed . . ." 28

11   U.S.C. § 2244(b)(2).  This is the case unless,

12

13          (A) the applicant shows that the claim relies on a new
     rule of constitutional law, made retroactive to cases on
14   collateral review by the Supreme Court, that was previously
     unavailable; or
15          (B) (i) the factual predicate for the claim could not have
     been discovered previously through the exercise of due
16   diligence; and
            (ii) the facts underlying the claim, if proven and viewed
17   in light of the evidence as a whole, would be sufficient to
     establish by clear and convincing evidence that, but for
18   constitutional error, no reasonable factfinder would have
     found the applicant guilty of the underlying offense.

19   28 U.S.C. § 2244(b)(2).

20         "Before a second or successive application permitted by this section is filed in the

21   district court, the applicant shall move in the appropriate court of appeals for an order

22   authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

23   Petitioner has submitted a response but has failed to provide an order from the Ninth

24   Circuit authorizing a new petition.  The case is therefore dismissed.  If petitioner obtains

25   permission from the Ninth Circuit he may re-file the petition

26

27

28

United States District Court
Northern District of California

2

**CONCLUSION**

1.      Petitioner's motion for appoint of counsel (Docket No. 5) is **DENIED**.

2.      The case is **DISMISSED** and a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 12, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge